Good morning, your honors. May it please the court. My name is Keith Hilzenbeger. I'm from the Federal Public Defender's Office in Phoenix, Arizona, and I represent the petitioners in these cases, Larry Rady and Rick Jones. I'm going to watch the clock and try and save about three minutes for rebuttal. We'll try to help you, but do keep your eye on the clock. All right. These cases both present the question whether Arizona's robbery and armed robbery statutes categorically define a violent felony under the Armed Career Criminal Act. Arizona law is clear about two things. The first is that robbery does not require the use of violent force, but merely force sufficient to overcome any resistance by the victim. The second thing is that armed robbery does not require the perpetrator to brandish a firearm or other deadly weapon, but simply that the firearm or other deadly weapon is available for the perpetrator to use. And so because of those two features of Arizona law, under last year's decisions in the Parnell and Wuerl cases and this year's decision in the Giozzo's case, I think this court is bound to conclude that Arizona's robbery and armed robbery statutes don't define a violent felony. And therefore, the court should reverse the district court in both of these cases and remand with instructions to grant the 2255. So let me just be sure we're talking about the same statutes, just for the record. I show ARS 13-641 and 13-643 and then 13-1904. Are those all of the statutes involved? So just to be clear about how the numbering scheme works. Okay. Arizona recodified its criminal code in 1977. And it took effect on January 1st of 1978, so that's why in the briefing I refer to the 1978 pre and post. Before 1978, the robbery was defined at 13-641. The armed robbery sentencing enhancement was set forth at 13-643. After the 1978 revision, the robbery statute was 13-1902 and the armed robbery was 13-1904. Okay. So basically, 641 and 643 are no longer the correct citations. A person charged today in a state court in Arizona would be charged under sections 1902 and 1904. But the wording is the same. No. As far as the relevant portion. So the wording is different. The pre-1978 statute essentially codified the common law with some variations that were set forth in the case law. The post-1978 version changed the language of the statutes. But for our purposes here, they're essentially the same because the Arizona Supreme Court decided that case law interpreting the pre-1978 versions of the statutes would apply to the post-1978 versions of the statutes. I understand that. That's why I was a little surprised. It seemed to me that you made you filed somewhat different briefs in the two cases, and you made slightly different arguments. And I wondered what you made of the differences in the time for your two clients here. Well, Your Honor, I think that the case law is clear enough for Mr. Rady, the pre-1978 case. I think he's a stronger case. Well, I was going to say his case is strong enough, but the Jones case is even stronger because of the main difference that's relevant here is with the recodification of the criminal code, Arizona enacted a statutory definition of the term force that codified the case law that was in the pre-1978 version but even made it a little bit weaker. Both sets of case law refer to force as meaning any physical act that causes the victim to part with their property. But it seems that in reading the pre-1978 case law, it's not so clear that they really do mean any physical act, because there are those cases where there has to be just some physical act that requires enough force to overcome the victim's resistance. With the post-1978 version of the statute, Your Honor, any physical act literally does mean any physical act, and that is how the State courts interpret it. Does that answer your question? I guess it does. We have the other part of your argument, which is the being armed, right? Right. And you argue that in Arizona you can be convicted of armed robbery without displaying a weapon. That's correct. Is there any case law that holds that? Yes, there is. There's a case in which that happened? I don't think there's one cited in your paper. So there are – Just talk of it. Right. So every time the court, the Arizona Supreme Court, says what you need to do to commit armed robbery, it consistently says that all the weapon has to be is available for the defendant to use, and he can be carrying it on his person. He doesn't have to brandish it. The pre-1978 case law that says this is Hirkshan and Barnett, and the post-1978 law that adopts this is the Garza-Rodriguez case from 1990. But you understand my question. What I was asking was – the defendant merely had the weapon on his person. I think that case is – I'm sorry, it's not coming to me off the top of my head. But you think there is such a case? I think there is such a case, and I will file a 28-J letter after argument that flags what that case is. Okay. It would be a case that you cited in your papers, though, already, right? It probably is a case that I've cited in my papers. I could flip through my brief real fast and maybe I'll do that. No, no, no, that's fine. If – I don't want to spend a bunch of time lecturing to the court about how state law works. If there are more questions. I guess the only thing – the reason I ask you specifically about which statutes we're talking about is because if we end up agreeing with you, this is something that needs to be published so that it's clear going forward. And I want to be sure that we have the right statutes and the right cases that we're talking about here. So you've told us what the statutes are post-1978, I believe. And do you believe that your briefs make clear which are the best Arizona cases that construe the meaning of these statutes in such a way that they would not create a problem for your clients in terms of the Federal statutes at issue here? I think that the major Arizona cases are flagged in my briefs, yes, Your Honor. And with that, I will reserve the – You pointed out, or maybe it was opposing counsel, I don't know whose 28J letter it was, that another panel is taking a look at this issue in the context of the sentencing guidelines. There's no analytical distinction between what we're attempting to answer here and that panel. Is that your understanding? Yes. The reason that the – even though that case is the guidelines and this case involves the Armed Career Criminal Act, the reason that there's no analytical difference is that other case called Molinar involves the same definition, the same force clause that's at issue here. And there's plenty of case law from this Court that says, case law interinterpreting the force clause under the guidelines, Chapter 4 of the guidelines, equally applies to cases involving the Armed Career Criminal Act. Except, of course, when the Supreme Court finds that the guidelines are not unconstitutional with respect to vagueness in one portion that seemed identical to what ACCA had, one is left with wondering what all those case law from all those circuits means. Well, but that was only a vagueness challenge with respect to the residual clause. You sort of give lie to the fact that the cases interpreting one help you interpret the other because they certainly didn't in that particular aspect, right? With respect to the residual clause. Indeed. I mean, you couldn't take anything from the fact that apparently that the – I don't want to take up all your time, but that the statute, ACCA, was – its residual clause was unconstitutional. That might lead you to think that the residual clause in the guidelines was unconstitutional. But that would be – and all the case law interpreted them the same. But, in fact, that's wrong. I was surprised with the result of Beckman's, as you were, Your Honor. But I'm not really going there. I'm just saying doesn't it maybe suggest that all of us have been wrong in saying that the two are to be interpreted the same way? I will leave that to the wisdom of the Court.  Thank you. Let me just be sure I understand. Both my colleagues have raised an issue. On the one hand, is it your position that we need to await the decision of the panel considering the guidelines elements of these statutes? No, Your Honor. And what about DMIA before the Supreme Court, which Judge Motz has just mentioned? So answering those questions in the order that you posed them, Your Honor. Okay. My suggestion to the Court in my 28J letter was based on this Court's general orders where it seems to me, reading that general order, that this panel should confer with that other panel and decide who would publish first. That seems to be the Court's internal operating procedure. But as I understood from your 28J letter, that case had not been re-argued or not – is it going to be re-argued? I would imagine it will not be re-argued. That doesn't seem to be this Court's practice.  It was submitted for decision on the day it was argued, last September. And then the panel withdrew it from submission to await the decision in Beckles. Beckles has since come out. September a year ago. September a year ago, yes. And the panel in that case has not resubmitted it for decision. And so that was the answer to that question. With respect to the DMIA case, I don't think the DMIA case applies here because we already have the two Johnson cases that interpret the definition of the recidivist sentence enhancement that's applicable to these cases. And those two Johnson cases are enough. So if there are no further – Do you want to say the rest of your time? I will reserve the balance of my time. Okay. Very well. We'll hear from the other half of the government. Good morning. May it please the Court, my name is Fred Batiste. I'm an assistant United States attorney with the U.S. Attorney's Office in Phoenix. I'll be representing the government in both these cases, both Brady and Johnson. I think we basically distilled this case down to a single issue, the question of whether or not Arizona's law with respect to the application of violent force is similar or greater, requires a greater level of force than the federal case. Before you get there, does the government concede that the statutes in question are not divisible for purposes of de comp analysis? Yes, Your Honor. Okay. And let's just – we will also say the question came up with respect to the armed robbery. We cited in our 922-8928J letter the Spencer case. And I think although in Spencer the question was not decided, the Court was very clear that in a case if the defendant simply had access and control of the weapon and didn't display it, that would be sufficient. And we've acknowledged that to the Court. And I credit you for filing that. Well, I mean, I've seen more 28-J letters than this. I've been before the Ninth Circuit for over 20 years. I've had more 928-J letters in this case than all my other cases combined. So we've been – the parties have been distilling the issues, and here we are today. Trying to keep us informed. Yes, and continue to distill the issues. The Supreme Court likes to keep us busy with Taylor analysis and Johnson analysis and other time-efficient things. I wish I wasn't here on this one, too.  Absolutely. That's our job. What is your best argument on the definition of force? Because force sufficient to overpower the victim may or may not be the same as force capable of causing physical injury. Obviously our position is it's the same. And I think we've – counsel said that Arizona requires force to overcome the victim. And it's the government's position that force to overpower a victim is greater than force to overcome a victim. Counsel also seemed to argue that any amount of force. Why is that, counsel? Well, I think what we need to do is we need to look to the case law and see how Arizona has applied it. And Arizona has case law going back over 100 years, and I think we would agree that basically the case law is consistent. The Arizona Supreme Court over time. The pre-1978 cases are important in our analysis. Yes, and the post-1978 cases, for example, Bishop and Garza Rodriguez, rely and discuss earlier cases. So I think we agree that the law is consistent. So let's look at some – let's take a walk down the history of Arizona armed robbery cases. 1905, Ramirez v. Territory, simple pickpocketing, insufficient force. 1913, Reynolds v. State, reaching into the pocket of a drunk person, insufficient force. 1928, Brown v. State, sufficient force. We have a bootlegger who sells liquor to two individuals who then pretend to be liquor control officers. They tell her they're going to take her in. She thinks she's about to be arrested. They start her towards the door. We all know when you're being arrested, it's not negotiable. Whatever force is going to be – whatever force is necessary is going to take you to jail. That was a use of sufficient force. She bought her way out of not having to go to jail in that case. 1931, Lear, simply grabbing silver from the hand of a clerk in a store, insufficient force. 1935, Bauer, a 78-year-old man on a street in Prescott, Arizona. A woman comes up to him, tries to grab his purse. They're struggling over the purse. A male then comes up, grabs the – The man had the purse or the woman had the purse? The man has the purse. This is in the – He's really an avant-garde guy. Actually, in the woman in 1935, she's described in the case as a quote-unquote sporting woman. She claimed that he had a debt to her for certain favors. He was the individual with the purse. They're struggling over the purse. One of her accomplices comes up, grabs the man, tears his coat, punches him. He gets knocked from, quote, the gutter up onto the sidewalk, and then he loses his purse. That was sufficient force. And then the 1947 case of Stevens, a hitchhiker, thumbs a ride in Tucson, gets in a car. He's in the back seat. There's three people in the front seat. And it appears that the two younger males in the middle in the passenger seat are robbing the driver. They force the driver to give him some of their cigarettes. The passenger doesn't like what's going on, and he says, Hey, you know, guys, do you mind if I just let me off? And they're like, No, we're not going to let you out. We'll let you out when we decide to let you out. He's now being kidnapped. But was there any application of physical force in that case? Well, it's a threat of physical force in that situation. He's in a car, and he sees these people that he believes are robbing the driver. He thinks they may have a gun. They tell him, Hey, give us your cigarettes. And they start telling the driver where they want him to drive. So they're commanding the driver, and he's thinking, I want out. And then he asks to get out, and they tell him they refuse to let him out. So at this point in time, they've, in a sense, abducted him. These cases are a wonderful portrayal of life in Arizona, but I wonder how they really cut insofar as the government's case is concerned. Don't they really cut the other way, at least some of what you talked about? Well, I mean, we have a spectrum of force, right? We have death to my far right. We have stealth to my far left. And then you have the cases in the middle. And we have, obviously, the Johnson requiring either injury or threat of pain. And it's up to this court to decide where does Arizona fall. Well, in the case that you just talked about, that Stevens case, I mean, I thought maybe you were going to skip over it. It seems to me it's pretty devastating to your cause. Well, the Stevens case is the hitchhiker, correct? Right. The court specifically noted that robbery statute provides that robbery may be committed by means of force or fear, and it makes no difference how the fear is engendered. So you could do it just by scaring somebody, not by force. Well, scaring them for what? I mean, what is the fear here? So the fear in that case is this person is being abducted. And I think when you're being abducted and you've lost control of your person and you're being taken to a place where you don't know where, I would say that that's a pretty significant fear. Well, you may think that, but didn't the Arizona Supreme Court hold there that force was unnecessary to commit robbery? I don't. You don't think so? I don't believe so. Okay. Maybe I'm misremembering. Let me say hypothetically that in the run of the case, it's not necessarily just the ones you talked about, that the Arizona Supreme Court seems to have done the very thing that my colleague just suggested. Wouldn't that cut against the government's position? You're part of the government's position insofar as this statute is concerned, these statutes. Obviously, if there's a case where there's no injury and there's no threat of force that will cause the person to be overpowered, yes, we lose. As you well know, what we're dealing with here under the Taylor analysis is, since the statute's not divisible, which you've indicated, under DMIA, we can't go to the modified categorical analysis. We have to see whether the statute fits the same definition as the federal statute in all circumstances. If it doesn't, then it doesn't fit categorical analysis. And by your very interesting recitation of a number of cases and my colleague's comment about, for example, the kidnapping case, doesn't it seem pretty clear that in a number of the situations where these statutes have been applied, force was physical, like a gun or a knife, was not necessary. As you point out, the fear, like of the woman, man or woman, the agent, she thought she was being arrested by agents. They didn't pull a gun, but she was fearful, and they found it. The statute was violated. So doesn't that undermine your case? Well, I think that the position of the government is it's the or else. In other words, give us what you want or else. In other words, it has to be the threat of the use of force. Even if you just take that, even if you just say that it can be an either or, the reality is it doesn't match the requirements of the federal statute. And if something less than the level of force required by the federal statute is there, then it's not a categorical match, is it? That's correct. And I think it's the position of the government, though, is when you look in the application of the force in all of these cases, the application that when the robbery convictions were affirmed, there was the threat of force that would have. But it's not just the threat of force. It's threat of force capable of causing physical pain or injury. So if I say, well, I want to use your cell phone, you don't want to give it to me, you're running late, and I'll lock the door and won't let you out, there may be some implicit threat that I'm not going to open the door, but not necessarily rising to the level of physical force capable of causing pain or injury. It just seems to me that your argument is in these situations where somebody feels that they've just essentially lost the power and control, there's an implicit threat there that if you run out the door, I'm going to block the door and prevent you from doing so. But that doesn't necessarily equate with force capable of causing injury, does it? I think it is because in that situation, if you're going to resist, I mean, if you don't want to be abducted, if you don't want to you're going to have to fight your way out. Otherwise, you're given an option. Fight your way out to protect yourself or become a sheep. So, I mean, there's different ways of looking at it. I think the government looks at it as if you're in a car and somebody's told you're not getting out until we're telling you you're getting out. That's a significant threat to your person, and you're going to have to fight your way out, jump out of the car. That's the option that you have. There isn't a cell, the case that you presented, and there isn't a case along those lines. So I think we're at an impasse. But it is. It comes down to the question is where is this court going to draw the line? Well, it isn't us. It's the Taylor analysis. It's the Supreme Court. It's DeMaia. I don't mean DeMaia. I mean DeKalb. We, under vertical stare decisis, we have to follow what they say. Absolutely. And help me if I'm wrong, but I don't get your analogy. Where the statute can be construed in different ways, one of which doesn't involve a possible pain or something of that nature, I don't see how it fits the categorical analysis. And if it doesn't fit the categorical analysis, you've conceded the statutes are not divisible. So isn't that the end of the government, this part of the government's case? Except that I haven't seen a case in our reading of the cases where it has been construed that way. That's all I can say. I suppose you could argue that somebody was really, really attached to their cell phone and the analysis that my colleague gave that could produce real pain. But other than that, I don't see where your analysis goes. Well, I guess you have to ask yourself if you're being kidnapped and you're being held against your will, you're given an option. I agree to be kidnapped or I fight my way out. If I have to fight my way out, I risk physical injury or pain. Any questions, my colleagues? Of course, you have more time. I have nothing additional to say. Thank you very much, Counsel. We appreciate it. So we have the other part of the government coming up here. In the time that I have remaining, of course, I'll answer any other questions that the panel may have. But I do want to specifically address Judge Motz's question about is there an Arizona case that there was no brandishing. And in reviewing my briefing in the Jones case, I see that I cited a case called State v. Yarborough in which the defendant was charged with armed robbery and the facts do not seem to indicate that there was any brandishing of a firearm or a deadly weapon. And they affirmed the conviction, I should add. He was convicted of armed robbery. He was convicted of armed robbery. And he didn't – there was no gun? There was no brandishing of a firearm or a deadly weapon. Display? No. The gun was not visible? Correct. Not visible. And so if the panel has no further questions, I will ask the panel to reverse and remand in both cases. Any other questions? I think not. Thank you, Counsel. Thanks to both counsel for your arguments. We appreciate it. These consolidated cases are submitted.
judges: Motz, M. Smith, Nguyen